1  Andrew P.P. Dunk III, Esq. (SBN: 134975)
   Rebecca Lack Mowbray, Esq. (SBN: 190735)
2  DUNK & ASSOCIATES
   110 West C Street, Suite 1901
3  San Diego, CA 92101
   619/531-0111
4  619/531-0120 (fax)

5  Attorneys for Defendants

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 PROGRESSIVE    WEST    INSURANCE          Case No: 08 CV 0180 W CAB
   COMPANY,
12                                          **ANSWER    TO    COMPLAINT    FOR
                          Plaintiff,        DECLARATORY RELIEF**
13
                                            **JURY DEMANDED**
       vs.
14
   CRAIG   TISCARENO   and   TERESA
15 TISCARENO,

16                        Defendants.
   _____/
17

18

19       Defendants, CRAIG TISCARENO and TERESA TISCARENO, by and through their

20 undersigned counsel, in answering to the Complaint for Declaratory Relief on file herein, demand

21 a trial by jury, and admit, deny and allege as follows:

22 1.    Admitted.

23 2.    Admitted.

24 3.    Admitted.

25 4.    Admitted.

26 5.    Admitted.

27 6.    Admitted.

28 7.    Admitted, except that Encinitas is spelled incorrectly.

   ANSWER TO COMPLAINT              1                      08cv0180

8.      Admitted, except that Encinitas is spelled incorrectly.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted that plaintiff sent letters on the dates indicated.  The remaining allegations of this paragraph are denied.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted, except that Encinitas is spelled incorrectly.

18.     Denied.

19.     These answering defendants do not have sufficient information or belief on which to admit or deny the allegations set forth in this paragraph and, therefore, deny all allegations set forth herein.

20.     Admitted.

21.     Admitted with the exception of the use of the word "alleged."

22.     Admitted.

23.     Denied.

24.     Admitted.

25.     Denied.

## FIRST AFFIRMATIVE DEFENSE

Defendants allege that the Complaint for Declaratory Relief, and each and every cause of action or purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against these answering defendants.

## SECOND AFFIRMATIVE DEFENSE

Defendants allege that plaintiff, by its own acts and/or omissions, is estopped from recovering at all against these answering defendants.

ANSWER TO COMPLAINT                    2                      08cv0180

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD AFFIRMATIVE DEFENSE**

Losses or damages to plaintiff, if any, were occasioned by the actions, whether intentional or negligent, of plaintiff and/or other third parties either named or not named in this suit.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join indispensable parties.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate its damages.

**SIXTH AFFIRMATIVE DEFENSE**

Loss or damage to plaintiff, if any, were occasioned by its own failure to act in a reasonably prudent manner under the circumstances.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to monetary setoffs for any sums allegedly due to plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint is barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its own prior breach of the alleged insurance contracts.

**TENTH AFFIRMATIVE DEFENSE**

The complaint and all causes of action therein, are barred due to plaintiff's failure to exhaust all applicable internal, contractual and/or administrative remedies.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were not caused by these answering defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its own illegal and unfair business practices.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its own violations of the Insurance Code and/or the Covenant

ANSWER TO COMPLAINT                    3                    08cv0180

of Good Faith and Fair Dealing.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants allege that plaintiff's damages, if any, were caused solely by plaintiff's own breach of the contract which is the subject of this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants allege they may have additional defenses that cannot be articulated due to plaintiff's failure to particularize its claims, due to the fact that defendants do not have copies of certain documents bearing on plaintiff's alleged contractual claims and due to plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which plaintiff alleges that defendants may share some responsibility. Defendants therefore reserve the right to assert additional defenses upon further particularization of plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs and upon the development of other pertinent information.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend his answer herein, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

WHEREFORE, defendant prays for judgment against plaintiff as follows:

1. That plaintiff take nothing by way of his action;

2. That defendant be awarded costs of suit incurred herein;

3. For reasonable attorney's fees; and

4. For such other and further relief as the Court deems just and proper.

DATED this 1st day of April, 2008.

DUNK & ASSOCIATES


s/ Andrew P.P. Dunk III
ANDREW P.P. DUNK III
Attorneys for Defendant
E-mail: drewdunk@pacbell.net

ANSWER TO COMPLAINT                    4                    08cv0180

1

**CERTIFICATE OF SERVICE**

2

CASE NAME:          PROGRESSIVE v. TISCARENO

3

CASE NO:            08 CV 0180 W CAB

4

5

    I, the undersigned, declare that: I am and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurred, and my business address is: 110 West C Street, Suite 1901, San Diego, CA 92101.

6

7

8

    I further declare that I am readily familiar with the business practice for collection and processing of correspondence and pleadings for mailing with the United States Postal Service, and that the mailings are deposited with the United States Postal Service the same day in the ordinary course of business. I caused to be served the following document(s):

9

**ANSWER TO COMPLAINT FOR DECLARATORY RELIEF**

10

**BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

11

12

**BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) listed below

13

XX   **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

14

15

**BY E-SERVICE:** I caused the above-referenced document(s) to be electronically served on all counsel of record through the Court's CM/ECF filing and service system.

16

James R. Robie, Esq.

17

Ronald P. Funnell
ROBIE & MATTHAI

18

500 South Grand Avenue, 15th Floor
Los Angeles, CA 90071

19

213/706-8000
213/624-2563 (fax)

20

21

    I am readily familiar with the business practice for collection and processing of correspondence and pleadings for mailing with the United States Postal Service, and that the mailings are deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

22

23

24

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on this 1st day of April, 2008, San Diego, California.

25

26

s/ Andrew P. P. Dunk III

27

Andrew P.P. Dunk III

28

1  Andrew P.P. Dunk III, Esq. (SBN: 134975)
   Rebecca Lack Mowbray, Esq. (SBN: 190735)
2  DUNK & ASSOCIATES
   110 West C Street, Suite 1901
3  San Diego, CA 92101
   619/531-0111
4  619/531-0120 (fax)

5  Attorneys for CRAIG and TERESA
   TISCARENO

6

7

8

9                    UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11

12  PROGRESSIVE   WEST   INSURANCE        Case No: 08 CV 0180 W CAB
    COMPANY, an Ohio corporation,
13                                        **COUNTERCLAIM - JURY DEMANDED**
                          Plaintiff,
14
         vs.
15
    CRAIG  TISCARENO   and   TERESA
16  TISCARENO,
17                       Defendants.
    _____/
18  CRAIG  TISCARENO   and   TERESA
    TISCARENO,
19
              Counter-claimants,
20
         vs.
21
    PROGRESSIVE   WEST   INSURANCE
22  COMPANY, an Ohio corporation; and ROES
    1 through 20,
23
                     Counter-defendants.
24  _____/

25

26

27       Independently of the Answer to Complaint for Declaratory Relief filed concurrently

28  herewith, counter-claimants, CRAIG TISCARENO and TERESA TISCARENO (hereinafter "the

    COUNTERCLAIM                    1                          08cv0180

1  TISCARENOS") make and present the following counterclaim against counter-defendant,
2  PROGRESSIVE WEST INSURANCE COMPANY (hereinafter "PROGRESSIVE") and
3  respectfully shows to the court:

4  1.  Counter-claimants, at all times herein mentioned, are the assignees of Kody Porterfield, Kim
5      A. Porterfield and Karie Porterfield (hereinafter "the Porterfields"), to any and all claims for
6      relief and causes of action the Porterfields have against their insurer, PROGRESSIVE,
7      resulting from PROGRESSIVE's unreasonable refusal to settle a wrongful death claim
8      arising out of an automobile claim accident which occurred on January 5, 2007, killing the
9      TISCARENOS' son.

10 2.  PROGRESSIVE is, and at all times herein mentioned was, an Ohio corporation.

11 3.  The actions giving rise to this litigation occurred in this district and venue is proper with this
12     Court.

13 4.  For the policy period July 20, 2006 to January 20, 2007, PROGRESSIVE issued to the
14     Porterfields, a liability insurance policy, No. 50376801-7, which policy insured the
15     Porterfields, to the extent of $100,000 against loss arising from legal liability for damages
16     on account of bodily injuries suffered by any person from an auto accident occurring during
17     the policy period.

18 5.  The above-described policy further provided that if any legal proceedings were taken to
19     enforce a claim against the Porterfields, covered by the policy, counter-defendant, at its own
20     expense, would undertake the defense of such legal proceedings on behalf of the Porterfields.

21 6.  Under the terms of the above-described policy, counter-defendant was to have complete
22     control of such defense and could settle any claim at its own costs. The Porterfields could
23     not settle any claim except at the Porterfields' own cost.

24 7.  On or about January 5, 2007, while the above-described policy was in full force and effect,
25     Joshua Tiscareno was killed as a result of bodily injuries when Kody Porterfield, then 16
26     years of age, recklessly drove his vehicle at the intersection of Athena and Highway 101 in
27     such a manner as to cause a collision with the vehicle being driven by Joshua Tiscareno.
28     The above-described occurrence was covered by the policy.

COUNTERCLAIM                        2                        08cv0180

8.    Immediately following the automobile collision, Kody Porterfield admitted to the San Diego County Sheriff's Department that he was traveling approximately 85 miles per hour in a 40 mph zone.

9.    On January 7, 2007, just two days after the collision, the North County Times published a story headlined "Local Chef Dies in Encinitas Crash." In that story the fact that Kody Porterfield was driving 85 mph was confirmed, and the investigating officer, Sgt. Randy Webb, stated, "High speed on the part of [Porterfield's] pickup appears to be the primary cause of the collision." The article also provided the next-of-kin information as being counter-claimants, the TISCARENOS.

10.    On January 7, 2007, the San Diego Union published an article entitled, "Speeding Truck Hits Car; Man Killed."

11.    On January 9, 2007, the North County Times published an article entitled, "Encinitas chef was loving life when tragedy struck: Joshua Tiscareno, 29, killed in crash on Coast Highway." The article again quoted Sgt. Webb and stated that, "... [I]nvestigators are preparing a case [against Proterfield] that could include charges of vehicular manslaughter, reckless driving ..." This article also gave the correct next-of-kin information, naming the TISCARENOS as the decedent's parents.

12.    On January 10, 2007, a website, http://www.joshtiscareno.com/, was up and running. This website made it clear to anyone viewing it that the TISCARENOS had a very close familial relationship with their now-deceased son, Joshua Tiscareno.

13.    On or about February 9, 2007, counter-claimants advised PROGRESSIVE of their intent to make a claim against the Porterfields as a result of the January 5, 2007 occurrence.

14.    On March 28, 2007 counter-claimants filed a wrongful death suit against the Porterfields.

15.    Counter-defendant took charge of the above-described claim and the suit that was filed thereon.

16.    On April 16, 2007, the TISCARENOS made a $100,000 policy limit settlement demand upon PROGRESSIVE. The Porterfields believed this was a reasonable demand given the fact that Kody Porterfield inasmuch as admitted he was at fault and was driving more than

COUNTERCLAIM                                    3                                    08cv0180

1  40 mph over the speed limit.

2  17.  On April 25, 2007 PROGRESSIVE chose to ignore its insureds' admission of liability, its

3  insureds' pleas to pay the policy limits, the newspaper articles and all of the evidence

4  available to PROGRESSIVE which clearly supported that payment of the policy limit was

5  not only reasonable, but would be a windfall to get out for the policy limit given the damages

6  in the case. (PROGRESSIVE has stipulated that the value of the case was $750,000.)

7  18.  On or about May 3, 2007 PROGRESSIVE caused to be served discovery, including

8  document production demands, special interrogatories and form interrogatories, to the

9  TISCARENOS.

10  19.  On May 4, 2007 the Porterfields requested PROGRESSIVE to "Please pay Mr. and Mrs.

11  Tiscareno the full amount of $100,000 as soon as possible." This request was made after the

12  Porterfields "carefully considered the circumstances of the accident" and was based upon

13  the Porterfields "protecting [their] interests," and having the "Tiscareno family release

14  [them] from further liability."

15  20.  On or about May 4, 2007 PROGRESSIVE caused to be filed an answer on behalf of the

16  Porterfields through appointed defense counsel Kennett L. Patrick.

17  21.  PROGRESSIVE had exclusive control of the claim and negotiations for settlement thereof,

18  as well as the defense of the suit filed by the TISCARENOS. While in control of the defense

19  of the litigation, PROGRESSIVE received responses to written discovery and took the

20  depositions of the plaintiffs.

21  22.  It was not until June 7, 2007 that PROGRESSIVE tendered its $100,000 policy limit. At this

22  time, however, the offer to settle for policy limits had already been rejected and was no

23  longer an option.

24  23.  PROGRESSIVE, as an insurance company, had a duty to fully and fairly investigate this

25  claim from day one. At the time the TISCARENOS offered to settle their claim for the death

26  of their son for the policy limit of $100,000, the evidence obtained by or available to

27  PROGRESSIVE unequivocally established that the contractual and legal obligations of

28  PROGRESSIVE required PROGRESSIVE to accept that settlement offer. Its unreasonable

COUNTERCLAIM                          4                          08cv0180

1    refusal to do so was a breach of its contractual obligations as well as a breach of the implied
2    covenant of good faith and fair dealing.

3  24.    The action against the Porterfields proceeded to a stipulated judgment signed by the
4    Porterfields, the Tiscarenos and PROGRESSIVE in the sum of $750,000.

5  25.    The above-mentioned judgment exceeded the limits of the Porterfields' policy by $650,000.

6  26.    The judgment is now final and enforceable.

7  27.    PROGRESSIVE paid the TISCARENOS the policy limit of $100,000.

8  28.    PROGRESSIVE failed and refuses to pay the balance of the judgment and interest thereon,
9    or any portion thereof, and, instead, filed a complaint for declaratory relief.

10 29.    As a direct and proximate result of such failure and refusal on the part of PROGRESSIVE
11    to pay the policy limits when demanded, the Porterfields have been subjected to liability to
12    the TISCARENOS for the balance of the judgment in the principal sum of $650,000, plus
13    interest thereon at the rate of 10% per annum.

14 30.    As a further direct and proximate consequence of PROGRESSIVE's wrongful act and
15    omissions, the Porterfields were threatened with the loss of their home and other property.

16    WHEREFORE, the TISCARENOS, as assignees of the Porterfields, request judgment
17    against PROGRESSIVE as follows:

18 1.    For compensatory damages in the amount of $650,000 with interest on such amount as
19    allowed by law from the date of judgment until paid;

20 2.    For costs of suit herein; and

21 3.    For such other and further relief as the court deems just and proper.

22    DATED this 1st day of April, 2008.

23    DUNK & ASSOCIATES

24

25    s/ Andrew P.P. Dunk III
      ANDREW P.P. DUNK III
26    Attorneys for Defendant
      E-mail: drewdunk@pacbell.net
27

28

COUNTERCLAIM                              5                              08cv0180

## CERTIFICATE OF SERVICE

CASE NAME:          PROGRESSIVE v. TISCARENO

CASE NO:            08 CV 0180 W CAB

I, the undersigned, declare that: I am and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurred, and my business address is: 110 West C Street, Suite 1901, San Diego, CA 92101.

I further declare that I am readily familiar with the business practice for collection and processing of correspondence and pleadings for mailing with the United States Postal Service, and that the mailings are deposited with the United States Postal Service the same day in the ordinary course of business. I caused to be served the following document(s):

**COUNTERCLAIM**

**BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

**BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) listed below

XX    **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

**BY E-SERVICE:** I caused the above-referenced document(s) to be electronically served on all counsel of record through the Court's CM/ECF filing and service system.

James R. Robie, Esq.
Ronald P. Funnell
ROBIE & MATTHAI
500 South Grand Avenue, 15th Floor
Los Angeles, CA 90071
213/706-8000
213/624-2563 (fax)

I am readily familiar with the business practice for collection and processing of correspondence and pleadings for mailing with the United States Postal Service, and that the mailings are deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on this 1st day of April, 2008, San Diego, California.

s/ Andrew P. P. Dunk III
Andrew P.P. Dunk III

COUNTERCLAIM                          6                          08cv0180