ROBIE & MATTHAI
A Professional Corporation
JAMES R. ROBIE, SBN 67303
KYLE KVETON, SBN 110805
RONALD P. FUNNELL, SBN 209897
500 South Grand Avenue, 15th Floor
Los Angeles, California 90071
(213) 706-8000 • (213) 624-2563 Fax
kkveton@romalaw.com

Attorneys for Plaintiff and Counterdefendant
PROGRESSIVE WEST INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY, an Ohio corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CRAIG TISCARENO and TERESA TISCARENO,<br><br>　　　　　Defendants. | CASE NO.:  08 CV 0180 W(CAB)<br><br>REPLY TO COUNTERCLAIM |

Plaintiff and Counterdefendant Progressive West Insurance Company ("Progressive"), for itself alone, replies to the counterclaim of Craig and Teresa Tiscareno (the "Tiscarenos") on file herein by admitting, denying and alleging as follows:

1. Answering paragraph 1, Progressive admits that the Tiscarenos are the purported assignees of the Porterfields' alleged claims against Progressive arising out of an automobile accident which occurred on January 5, 2007 and resulted in the death of the Tiscareno's son. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

2. Answering paragraph 2, Progressive admits that it is an Ohio corporation. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

1   3.   Answering paragraph 3, Progressive admits that venue is proper in this district.

2   4.   Answering paragraph 4, Progressive admits that it issued insurance policy no. 50376801-7 (the "subject policy") insuring Kody Ryan Porterfield, Kim Porterfield and Karie Porterfield for the policy period July 20, 2006 to January 20, 2007, and alleges that the subject policy is the best evidence of its contents. Except as specifically admitted, Progressive denies each and every allegation of this paragraph.

3   5.   Answering paragraph 5, Progressive admits that it issued the subject policy insuring the Porterfields and alleges that the subject policy is the best evidence of its contents. Except as specifically admitted, Progressive denies each and every allegation of this paragraph.

4   6.   Answering paragraph 6, Progressive admits that it issued the subject policy insuring the Porterfields and alleges that the subject policy is the best evidence of its contents. Except as specifically admitted, Progressive denies each and every allegation of this paragraph.

5   7.   Answering paragraph 7, Progressive admits that while the subject policy was in effect, Joshua Tiscareno died as a result of an automobile accident involving Kody Porterfield. Except as specifically admitted, Progressive denies each and every allegation of this paragraph.

6   8.   Answering paragraph 8, Progressive is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis denies each and every allegation contained in the paragraph.

7   9.   Answering paragraph 9, Progressive admits that the referenced article exists and alleges that the article is the best evidence of its contents.

8   10.   Answering paragraph 10, Progressive admits that the referenced article exists and alleges that the article is the best evidence of its contents.

11.   Answering paragraph 11, Progressive admits that the referenced article exists and alleges that the article is the best evidence of its contents.

12.   Answering paragraph 12, Progressive is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies each and every allegation contained in the paragraph.

13.   Answering paragraph 13, Progressive admits that on or about February 9, 2007, attorney James McCabe wrote to Progressive and enclosed a designation of attorney signed by the Tiscarenos. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

14.   Answering paragraph 14, Progressive admits that on or about March 28, 2007, the Tiscarenos filed a lawsuit against the Porterfields seeking wrongful death damages. Except as specifically admitted, Progressive denies each and every allegation of this paragraph.

15.   Answering paragraph 15, Progressive admits that in response to the claim made by the Porterfields it undertook to investigate the claim and agreed to defend the lawsuit filed by the Tiscarenos against the Porterfields. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

16.   Answering paragraph 16, Progressive admits that on or about April 16, 2007, attorney McCabe demanded that Progressive tender the full amount of the subject policy and alleges that the demand contained no time limit. Progressive is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis denies the remaining allegations contained in this paragraph. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

17.   Answering paragraph 17, Progressive denies each and every allegation of this paragraph.

18. Answering paragraph 18, Progressive admits that on or about May 3, 2007, the Porterfields, in the lawsuit filed by the Tiscarenos, issued written discovery requests and alleges that responses to the discovery were not provided until hand-delivered at the beginning of the Tiscarenos' depositions. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

19. Answering paragraph 19, Progressive admits that by letter dated May 4, 2007, the Porterfields requested that Progressive pay the limits of the subject policy to the Tiscarenos and alleges that the referenced letter is the best evidence of its contents. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

20. Answering paragraph 20, Progressive admits that on or about May 4, 2007, the Porterfields filed an answer to the complaint filed by the Tiscarenos. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

21. Answering paragraph 21, Progressive denies each and every allegation contained in this paragraph.

22. Answering paragraph 22, Progressive admits that on June 8, 2007, it tendered the limits of the subject policy. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

23. Answering paragraph 23, Progressive admits that it has a duty under California law to conduct a reasonable claims investigation. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

24. Answering paragraph 24, Progressive admits that it signed a document entitled "Settlement Agreement[;] Stipulation for Entry of Judgment per C.C.P. 664.6" (the "Stipulated Judgment") on or about January 7, 2008. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

25. Answering paragraph 25, Progressive admits that the Stipulated Judgment is in the amount of $750,000, which exceeds the $100,000 policy limits by $650,000.

26. Answering paragraph 26, Progressive alleges that the allegation is a legal conclusion, not a factual allegation, and as such requires neither admission nor denial.

27. Answering paragraph 27, Progressive admits that on January 7, 2008, it paid the $100,000 limits of the subject policy to the Tiscarenos and their attorney. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

28. Answering paragraph 28, Progressive admits that on January 29, 2008, it filed this lawsuit seeking declaratory relief. Except as specifically admitted herein, Progressive denies each and every allegation of this paragraph.

29. Answering paragraph 29, Progressive denies each and every allegation of this paragraph.

30. Answering paragraph 30, Progressive denies each and every allegation of this paragraph.

## FIRST AFFIRMATIVE DEFENSE

31. The counterclaim fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

32. Progressive acted reasonably at all times with respect to the circumstances alleged in the counterclaim and has no liability beyond its policy limits, which it has paid.

## THIRD AFFIRMATIVE DEFENSE

33. The relief requested in the counterclaim is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

34. The relief requested in the counterclaim is barred because the demand

for policy limits, made on or about April 16, 2007, contained no time limit within which to respond, and Progressive tendered policy limits on June 8, 2007 within a reasonable period of time after April 16, 2007 demand.

## FIFTH AFFIRMATIVE DEFENSE

35. The relief requested in the counterclaim is barred because the alleged damages were caused by the counterclaimants, including their failure to act reasonably.

WHEREFORE, having fully answered the counterclaim, Progressive prays as follows:

1. That counterclaimants take nothing by reason of the counterclaim and that the counterclaim be dismissed with prejudice;

2. That Progressive recover its costs of suit; and

3. For each other and further relief as the Court deems just and proper.

DATED: April 22, 2008

ROBIE & MATTHAI
A Professional Corporation

By:_____
JAMES R. ROBIE
KYLE KVETON
RONALD P. FUNNELL
Attorneys for Plaintiff and Counterdefendant
PROGRESSIVE WEST INSURANCE COMPANY

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, 15th Floor, Los Angeles, CA 90071-2609.

On April 22, 2008, I served the foregoing document(s) described as: REPLY TO COUNTERCLAIM on all interested parties in this action by placing a true copy of each document, enclosed in a sealed envelope addressed as follows:

***Attorneys for Defendants,
Craig and Teresa Tiscareno***
James M. McCabe
Ryan M. McCabe
The McCabe Lawfirm
4817 Santa Monica Avenue
San Diego, CA 92107
Telephone: 619-224-2848
Facsimile: 619-224-0089

(X)  **BY MAIL:** as follows: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

(  )  **BY PERSONAL SERVICE:** I delivered such envelope by hand to the above addressee(s).

(  )  **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above addressee(s).

(  )  **BY FACSIMILE TRANSMISSION:** I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the above facsimile number.

(X)  **BY E-SERVICE:** I caused the above-referenced document(s) to be electronically served on all counsel of record through the Court's CM/ECF filing and service system.

**(X)** (**Federal**)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 22, 2008, at Los Angeles, California.

MiChelle McGrath