UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY, an Ohio corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>CRAIG TISCARENO and TERESA TISCARENO,<br><br>            Defendant. | Civil No.   08cv180-W (CAB)<br><br>**CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br> **(Fed. R. Civ. P. 16)**<br> **(Local Rule 16.1)**<br> **(Fed. R. Civ. P. 26)** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference was held on July 3, 2008.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **August 4, 2008**.

2. On or before **October 3, 2008**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial.  The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before **October 17, 2008**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

3.   Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than December 30, 2008**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

4.   Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **January 13, 2009**.

5.   All discovery, including expert discovery, shall be completed on or before **February 3, 2009**.  *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. **Counsel shall refer to Judge Bencivengo's chambers rules for handling discovery disputes, which are available at the Court's website.**

6.   All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **March 3, 2009**.

Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one judge to another.  Please plan accordingly.  For example, you may need to contact the judge's law clerk in

advance of the motion cut-off to assess the availability of the Court's calendar. **Failure of counsel to timely request a motion date may result in the motion not being heard.**

Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1(f)(3)(c).

Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

7.  Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

8.  A Mandatory Settlement Conference shall be conducted on **November 10, 2008**, at **10:00 a.m.** in the chambers of Magistrate Judge Cathy Ann Bencivengo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than **November 3, 2008**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

9.  Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes

settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. For good cause, Magistrate Judge Bencivengo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

10. Despite the requirements of Civil Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Local Rule 16.1(f)(6).

11. All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **June 15, 2009**. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

12. Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or before **June 22, 2009**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1 (f)(3)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

13. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **June 29, 2009**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a court copy of the pretrial

---

that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

order to the pretrial conference.

14.   In addition to submitting the proposed final pretrial conference order, the parties are further ordered to separately submit informal letter briefs, not exceeding two single spaced pages, served on opposing counsel and received in the chambers of the **Honorable Thomas J. Whelan**, United States District Court Judge (and not filed with the Clerk's Office) no later than **July 1, 2009 at 2:30 p.m.**

The letter brief should be a relatively informal and straightforward document.  The letter brief should outline a short, concise and objective factual summary of the party's case in chief, the number of hours/days each party intends to expend at trial, the approximate number of witnesses, whether certain witnesses will be coming in from out of town, the number of testifying expert witnesses, whether any unique demonstrative exhibits may be presented, the number of proposed motions in limine that may be filed, precisely when the parties would be prepared to submit their in limine papers (and whether the parties have met and conferred with respect to in limine issues), the issue of proposed jury instructions and when the parties intend to submit them before trial, and voir dire issues, either party's preference as to what date(s) the trial should begin and any other pertinent information that wither party may deem useful to assist the Court in the execution of the pretrial conference and in setting the matter for trial.

15.   The final pretrial conference shall be held before the **Honorable Thomas J. Whelan**, United States District Court Judge, on **July 6, 2009**, at **10:30 a.m.**

16.   The dates and times set forth herein will not be modified except for good cause shown.

17. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

DATED: July 3, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge